Submitted June 2, affirmed July 8, petition for review denied December 23, 2021 (369 Or 110)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BONNIE LYNN ELLIS,
*Defendant-Appellant.*

Marion County Circuit Court
17CR53908, 16CR59862;
A172112 (Control), A172423

490 P3d 187

Courtland Geyer, Judge. (Judgment and Judgments of Revocation entered August 29, 2019; Amended Judgment of Revocation entered December 12, 2019)

Jennifer K. Gardiner, Judge pro tempore. (Amended Judgment of Revocation entered December 24, 2019)

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

In these consolidated cases, defendant appeals a judgment of conviction for delivery and possession of heroin in Case No. 17CR53908 and probation revocation judgments in Case. No. 16CR59862. She assigns error to the trial court's denial of her motion to suppress the drugs and paraphernalia that officers found in her truck, and which led to her conviction. She argues that the officers unlawfully extended the scope of her arrest by asking her about her drug use and for consent to search her truck after she was arrested. In support of this argument, defendant argues that the Article I, section 9, of the Oregon Constitution subject-matter constraints on traffic stops recognized in *State v. Arreola-Botello* ought to be extended to arrests. 365 Or 695, 712, 451 P3d 939 (2019) (concluding that, when police expand the scope of a traffic stop, they must have reasonable suspicion of a crime to justify that expansion). Here, defendant argues that there was no reasonable suspicion to ask defendant about drugs.

The state responds that (1) defendant's argument about extending the *Arreola-Botello* subject-matter limitations to arrests is not preserved; what she argued below was that the officer unlawfully extended the *traffic stop*, something that the trial court rejected based on its determination that defendant was arrested; (2) if preserved, there is no basis for extending the *Arreola-Botello* subject-matter limitations to arrests given the other protections in place for arrestees; and (3) the officer had reasonable suspicion.

We agree with the state on its first point. Defendant's contention that the reasoning of *Arreola-Botello* applies to arrests in addition to traffic stops was not preserved for the reason identified by the state, and defendant has not asked us to review a claim of plain error. *See* ORAP 5.45.

Affirmed.